IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV45-1-V
5:02cr43

| | |
|---|---|
| DAVID E. SIMPSON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's "Petition for Writ of Habeas Corpus" (Doc. No. 1), filed March 31, 2010. For the reasons stated herein, such Petition is summarily dismissed without prejudice.

On October 17, 2003, Petitioner was convicted in the case <u>United States v. Simpson</u>, 5:02cr43, of conspiring to defraud the United States by trafficking in or using one or more unauthorized access devices, bank fraud, and/or aiding and abetting that offense, and money laundering. On that occasion, this Court sentenced Petitioner to a total of 78 months imprisonment. After receiving credit for time spent in pre-trial detention, Petitioner satisfied his sentence and was released from confinement in June 2007.

In or about July 2007, Petitioner was arrested on State charges for assault, possession of stolen goods, possession of burglary tools, breaking and entering and larceny after breaking and entering. In March 2008, a writ was executed, bringing Petitioner into federal custody in order to answer for the apparent violations of his three-

year federal supervised release term. On June 28, 2008, a hearing was held after which Petitioner's supervised release term was revoked and he was sentenced to a term of 36 months imprisonment. (Crim. Case No. 5:02cr43: Doc. No. 110.) Petitioner appealed the revocation sentence on the basis that it was unreasonable but the sentence was upheld by the United States Court of Appeals for the Fourth Circuit.

On July 2, 2008, and in December 2008, Petitioner submitted requests to the Union County District Attorney and the Union County Clerk of Court demanding a speedy trial on his State charges. In the meantime, however, on July 15, 2008, Petitioner was returned to State custody. On June 19, 2009, Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 complaining that his speedy trial rights were being violated and seeking the dismissal of his state charges. (3:09cv229: Doc. No. 1.) On June 16, 2009, after noting that Petitioner had named the wrong custodian, this Court held that as Petitioner had not sought relief in state court, he had not exhausted his state remedies as required by statute. (3:09cv229: Doc. No. 3.) On July 16, 2009, Petitioner filed another § 2241 habeas petition with this Court again asking the Court to direct that he be sent back to federal prison. (3:09cv292: Doc. No. 1.) On August 3, 2009, this Court denied the petition for the reasons stated in its June 16, 2009, Order. (3:09cv292: Doc. No. 5.) Petitioner is currently in the custody of the Union County Sheriff's Department.

Petitioner has filed the instant habeas petition naming the United States as the Respondent. Petitioner requests that this Court direct that he be sent from state to federal custody.[1] Petitioner does identify under what authority he is filing his petition. For the

---

[1] The Court notes that Petitioner alleges various mistreatment while incarcerated. Such claims are not properly raised in a habeas petition. Moreover, Petitioner has

2

reasons that follow, this Court has concluded that, at this time, Petitioner is not entitled to relief under any of the following federal habeas statutes.

To the extent Petitioner's filing is construed[2] as a petition pursuant to 28 U.S.C. § 2255, it fails because, at a minimum, Petitioner does not seek to attack his federal sentence or conviction. 28 U.S.C. § 2255. To the extent Petitioner seeks relief pursuant to 28 U.S.C. § 2254, his petition must be dismissed because he fails to name the proper Respondent. Even more significantly, Petitioner cannot attack a state sentence or conviction because he is not in custody pursuant to the judgment of a State court. 28 U.S.C. § 2254(a). To the extent Petitioner is attempting to file yet another petition pursuant to 28 U.S.C. § 2241, despite being informed on at least two occasions of the need to exhaust his state remedies, he provides no indication that he has taken such steps. In addition, it appears from Petitioner's return address that Petitioner is incarcerated in the Eastern District of North Carolina. In Re Jones, 226 F.3d 328, 332 (4th Cir. 2000)(petition for habeas corpus relief brought under § 2241 must be filed in the district in which the movant is confined). Consequently, habeas relief under any of the above-referenced statutes is unavailable to Petitioner at this time.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED without prejudice**; and

---

already filed Complaints pursuant to 42 U.S.C. § 1983 raising such claims. (3:07cv477; 3:10cv146.) Consequently, this Court will not address such allegations in this Order.

[2] There is no "successive writ" concern here because the Court is dismissing Petitioner's Petition for a Writ of Habeas Corpus without prejudice.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: April 20, 2010

Richard L. Voorhees
United States District Judge